UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JOSHUA EVANS ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | NO. 1:17-cv-00019 |
| ] | JUDGE CRENSHAW |
| MAURY COUNTY JAIL, et al. ] | |
|     Defendants. ] | |

## M E M O R A N D U M

The Plaintiff, proceeding *pro se*, is an inmate at the Maury County Jail in Columbia, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Maury County Jail and Bucky Rowland, Sheriff of Maury County, seeking injunctive relief and damages.

The Plaintiff has recently converted to Judaism. He claims that the defendants have violated his right to exercise his religious beliefs by not consistently providing him with kosher meals.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Grimmett v. Wilson County Jail, 2015 WL 787228 (M.D. Tenn.); Staggs v. Lewis County Jail, 2009 WL 3877682 (M.D. Tenn.); *see also* Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007)(a county sheriff's department is also not a "person" subject to liability under § 1983). As a consequence, the Plaintiff has failed to state an actionable claim against the Maury County Jail.

The Plaintiff is bringing this action against Sheriff Rowland in his official capacity only.

Because the Plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). In essence, then, the Plaintiff's claims are against Maury County, the municipal entity that employs Sheriff Rowland. Hafer v. Melo, 502 U.S. 21, 25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Maury County or its agent, the Maury County Sheriff's Department. Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). In short, for Maury County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 489 U.S. 378 (1989). To establish the requisite causal link, the Plaintiff has to "identify the policy, connect the policy to the county itself and show that the particular injury was incurred because of the execution of that policy". Garner v. Memphis Police Department, 8 F.3d 358, 363-64 (6th Cir.1993).

The Plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Maury County that required the jailers at the Maury County Jail to deny him kosher meals. Therefore, the Plaintiff has failed to state a claim against Sheriff Rowland acting in his official capacity.

In the absence of an actionable claim, the Court is obliged to dismiss the Complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
United States District Judge